UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 4:13-cr-20054-SLD-1 |
| RONALD E. CORBIN, | ) |
|       Defendant. | ) |

ORDER

Before the Court are Defendant Ronald E. Corbin's motion to modify sentence under § 403 of the First Step Act, ECF No. 76; motion to supplement that motion, ECF No. 80; and counseled Amended Motion for Modification of Sentence, ECF No. 83. For the reasons that follow, the motions are DENIED.

BACKGROUND

Defendant was indicted on three counts of aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d), one count of attempted bank robbery, and two counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *See generally* Indictment, ECF No. 15. He pleaded guilty to all counts pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See* Plea Agreement ¶ 3, ECF No. 26. The parties agreed that the appropriate sentence was a total of thirty-nine years and three months of imprisonment: eighty-seven months on the bank robbery counts, seven years on one of the brandishing counts to be served consecutively to the eighty-seven months, and then twenty-five years on the other brandishing count to be served consecutively to the rest of the sentence. Plea Agreement ¶ 27. The presiding judge accepted the parties' agreement and sentenced Defendant to the agreed upon term. *See* Apr. 28, 2014 Min. Entry.

In 2020, Defendant moved for compassionate release for the first time. *See* Pro Se Mot. Compassionate Release, ECF No. 60. The presiding judge denied that motion and its counseled amendments in early 2021. Jan. 21, 2021 Order, ECF No. 66. The judge denied more compassionate release motions from Defendant later that year. Oct. 14, 2021 Order, ECF No. 72.

The case was reassigned to the undersigned in July 2022, *see* July 15, 2022 Text Order of Reassignment, after Defendant filed the motion to modify his sentence under § 403 of the First Step Act.[1] The Court appointed counsel to represent Defendant with respect to the motion. *See* July 21, 2022 Text Order. In the meantime, Defendant filed a motion to supplement his motion, seeking to raise an argument that *United States v. Davis*, 588 U.S. 445 (2019), applied to his case. Suppl. 403 Mot. 1.

Counsel was permitted to withdraw and new counsel was appointed in April 2024. Apr. 23, 2024 Text Order. The Amended Motion for Modification of Sentence, which is made pursuant to 18 U.S.C. § 3582(c)(1)(A), was filed shortly thereafter. *See generally* Am. Mot. Defendant argues that extraordinary and compelling reasons warranting a sentence reduction exist because he was sentenced to an unusually long sentence and changes to 18 U.S.C. § 924(c) made in the First Step Act have created a gross disparity between Defendant's sentence and what he would likely be sentenced to today for the same crime. *See id.* at 5–6.

---

[1] Although this motion references 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the compassionate release statute, the Court does not construe it as a compassionate release motion for two reasons. First, Defendant states that he is moving under § 3582(c)(2) and the First Step Act. Section 403 Mot. 1. And second, Defendant indicates that he had a separate compassionate release motion pending, suggesting he was not intending this motion to serve as a compassionate release motion. *Id.* at 5. (In fact, Defendant's prior motion for compassionate release had already been denied in October 2021, but perhaps he had not been notified by his attorney.). The Court does not mention § 3582(c)(2) any further because that provision only allows for a reduction in sentence based on sentencing ranges that are subsequently lowered by the Sentencing Commission and Defendant is not relying on a Sentencing Guideline amendment.

2

## DISCUSSION

I.     **Pro Se Motions**

18 U.S.C. § 924(c)(1)(A)(ii) provides:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years

When Defendant was convicted and sentenced, the statute provided that for "a second or subsequent conviction" under § 924(c), a person was subject to a mandatory minimum twenty-five years of imprisonment. 18 U.S.C. § 924(c)(1)(C)(i) (effective Oct. 6, 2006 to Dec. 20, 2018). Under this provision, Defendant was sentenced to seven years of imprisonment for the first § 924(c) count against him and twenty-five years of imprisonment for the second. The First Step Act amended § 924(c)(1)(C) to preclude application of the twenty-five-year mandatory minimum in a situation where a defendant is charged with a second § 924(c) violation within the same case. *See* First Step Act § 403(a), Pub. L. 115-391, 132 Stat. 5194, 5221–22 (2018). It now provides a twenty-five-year mandatory minimum term of imprisonment for a violation of § 924(c) "that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C).

But Congress made this change apply retroactively only to the extent that it applied to § 924(c) offenses committed before the First Step Act's enactment if a sentence had not yet been imposed as of the date of enactment. First Step Act § 403(b). Defendant was already sentenced by the time the First Step Act was enacted—and he was not awaiting resentencing at the time of the First Step Act's enactment, *see United States v. Uriarte*, 975 F.3d 596, 601 (7th Cir. 2020) (holding that the amendment applied if a defendant was awaiting resentencing at the time the

3

First Step Act was enacted because the defendant would be, at that time, "unsentenced")—so the amendment does not apply to him.

Defendant's supplement attempts to raise a claim under *United States v. Davis*, 588 U.S. 445 (2019), in which the Supreme Court held that the residual clause of the crime of violence definition in § 924(c)(3)(B) was unconstitutionally vague. This is a claim of an error in his original sentence which would need to be made in a motion under 28 U.S.C. § 2255. But Defendant has already filed a § 2255 motion which was dismissed as untimely and because his claims were barred by a collateral review waiver, *see* Mar. 29, 2016 Order 4, 9, *Corbin v. United States*, No. 2:15-cv-02304-JES, ECF No. 6, so this would be a successive § 2255 motion and Defendant would need to obtain authorization from the Seventh Circuit in order to file it. *See* 28 U.S.C. § 2255(h).

The *pro se* motion to modify and its supplement are DENIED.

**II.     Counseled Motion**

    a.  **Legal Standard**

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

### b. Analysis

Defendant argues that he has established an extraordinary and compelling reason for release under § 1B1.13(b)(6) of the Sentencing Guidelines. Am. Mot. 5–6. Section 1B1.13(b)(6), which took effect on November 1, 2023, provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether [a] defendant presents an extraordinary and compelling reason[ for a reduction], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sentencing Guidelines Manual § 1B1.13(b)(6) (U.S. Sent'g Comm'n 2023). The Government argues that Defendant has not complied with § 3582(c)(1)(A)'s exhaustion requirement, that Defendant has not established that there is a gross disparity between his sentence and what he would likely be sentenced to today, that the § 3553(a) factors weigh against release, and that the Sentencing Commission exceeded its authority in promulgating § 1B1.13(b)(6). Resp. 1, ECF No. 84.

The Court bypasses discussion of exhaustion and whether Defendant meets the requirements of § 1B1.13(b)(6) (*i.e.*, whether he is serving an unusually long sentence and whether there is a gross disparity) because it finds that Seventh Circuit precedent precludes it from considering a nonretroactive change in sentencing law, like the amendment to § 924(c), as an extraordinary and compelling reason for release. In *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), the Seventh Circuit "squarely and definitively" held that the non-retroactive

5

changes to § 924(c) could not "whether alone or in combination with other factors" constitute an extraordinary and compelling reason for purposes of § 3582(c)(1)(A). It explained that "the discretionary authority conferred by § 3582(c)(1)(A)" to reduce a sentence "only goes so far" and that "[i]t cannot be used to effect a sentencing reduction at odds with Congress's express determination . . . that the amendment to § 924(c) . . . apply only prospectively." *Id.* at 574. When *Thacker* was decided, there was no applicable policy statement on § 3582(c)(1)(A) motions brought by prisoners, *see id.* at 572–73 (citing *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020), so the Seventh Circuit was necessarily interpreting the statute itself.

The Seventh Circuit has in other cases indicated some hesitation about *Thacker*'s holding, particularly in reference to the Sentencing Commission's potential to adopt a rule such as § 1B1.13(b)(6), *see United States v. Williams*, 65 F.4th 343, 346–49 (7th Cir. 2023), but it has not overruled *Thacker*. As § 1B1.13(b)(6) allows a court to consider a nonretroactive change in the law as an extraordinary and compelling reason for release—albeit in somewhat limited circumstances—it conflicts with the Seventh Circuit's interpretation of the statute. Like many other courts in this circuit, the Court concludes that it must follow *Thacker*. *See e.g.*, *United States v. Duncan*, No. 3:03-CR-57 JD, 2024 WL 4471420, at *7 (N.D. Ind. Oct. 11, 2024) (DeGuilio, J.); *United States v. Owings*, No. 1:12-cr-00003-SEB-TAB, 2024 WL 4171197, at *4–5 (S.D. Ind. Sept. 12, 2024) (Evans Barker, J.); *United States v. Uriarte*, No. 09-cr-332-4, 2024 WL 4111867, at *2–5 (N.D. Ill. Sept. 6, 2024) (Gottschall, J.); *United States v. Williams*, Nos. 06-cr-20032-JES-2 & 06-cr-20032-JES-3, 2024 WL 3567498, at *5–6 (C.D. Ill. July 29, 2024) (Shadid, J.); *United States v. Black*, 715 F. Supp. 3d 1069, 1077–84 (N.D. Ill. Feb. 6, 2024) (Jenkins, J.). *But see, e.g.*, *United States v. Spradley*, No. 1:98-cr-38-JMS-MJD-1, 2024

WL 1702873, at *5–7 (S.D. Ind. Apr. 18, 2024) (Magnus-Stinson, J.); *United States v. Bailey*, No. 1:97-cr-00118-RLY-MG-3, 2024 WL 2291497, at *2 (S.D. Ind. May 20, 2024) (Young, J.).

Because the change to § 924(c)'s penalties cannot serve as an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A), the Court must deny Defendant's motion.

## CONCLUSION

Accordingly, Defendant Ronald E. Corbin's motion to modify sentence under § 403 of the First Step Act, ECF No. 76, motion to supplement that motion, ECF No. 80, and counseled Amended Motion for Modification of Sentence, ECF No. 83, are DENIED.

Entered this 21st day of November, 2024.

                                                    s/ Sara Darrow
                                                    SARA DARROW
                                    CHIEF UNITED STATES DISTRICT JUDGE